IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENDY KEAHY, | : | |
| *Plaintiff* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FEDERATED LIFE | : | |
| INSURANCE COMPANY, | : | No. 20-6419 |
| *Defendant* | : | |

## MEMORANDUM

PRATTER, J.                                                                             OCTOBER 4, 2021

Wendy Keahey[1] brought suit against her insurer, Federal Life Insurance Company ("Federated") for breach of contract related to termination of her disability benefits.[2] Federated moves to dismiss Ms. Keahey's claim as untimely pursuant to Rule 12(b)(6), or in the alternative, for summary judgment under Rules 12(d) and 56. Because Ms. Keahey's breach of contract claim is untimely, the Court will grant Federated's motion to dismiss.

### BACKGROUND

Plaintiff Wendy Keahey became disabled on September 15, 2014 as a result of several medical conditions, including "breast cancer, multi-level cervical and lumbar spondylosis, lumbar radiculopathy, depression and anxiety." Compl. ¶ 7. Ms. Keahey was the beneficiary of a long-term disability income insurance policy issued by Federated (the "Policy"). Ms. Keahey received benefits pursuant to the Policy for 24 months, through September 15, 2016. Federated notified Ms. Keahey that her benefits would end on September 15, 2016 because the Policy only provided

---

[1] Ms. Keahey's name is spelled on the docket as "Keahy," but her court filings indicate that "Keahey" is the correct spelling.

[2] Ms. Keahey's complaint also asserted a statutory bad faith claim (Count II), but she withdrew the statutory bad faith claim in her opposition to the Motion to Dismiss.

1

benefits for 24 months if a disability was due solely to a mental health condition, and Federated determined that treatment for her physical disabilities had ended.[3] In an August 8, 2016 letter notifying Ms. Keahey of her upcoming termination of benefits, Federated stated that they "offer two levels of internal review; once this process is exhausted you have the right to take legal action." Doc. No. 9 ¶ 4; Doc. No. 9-3, at 3, Exhibit C.

Ms. Keahey appealed the termination of her benefits in a February 2, 2017 letter to Federated for "first-level" review. Federated denied her appeal on March 23, 2017 and again referenced the two levels of review with the same language. Ms. Keahey asserts that she did not pursue a second-level internal review because she "determined that as a result of receipt of that letter, that Defendants had made a final determination and that any further review would be fruitless." Doc. No. 9-7, at 10. Ms. Keahey brought a breach of contract claim against Federated on December 22, 2020.

Ms. Keahey alleges that she has complied with the terms of the policy but that Federated breached its contract with her by "fail[ing] to provide [her] with the ongoing disability income benefits to which she is entitled under the terms of the subject policy." Compl. ¶ 26. Ms. Keahey alleges that she continued to be disabled as of September 15, 2016 for conditions other than "solely mental health conditions." *Id.* ¶ 10. She asserts that she continues to be "totally disabled" and cannot return to work. *Id.* ¶¶ 14, 20.

Federated moves to dismiss Ms. Keahey's breach of contract claim, arguing that her claim is untimely based on Pennsylvania's four-year statute of limitations and the terms of her policy's

---

[3] The terms of the policy state that benefits will not be paid for a disability that is "due to mental disorder and/or substance abuse disorder for more than 24 months during your lifetime," except for a waiver of premium, periods of hospital confinement, cognitive or psychotic disorders, or "total disability caused solely by conditions completely unrelated to a mental disorder and/or substance abuse disorder, even though such disorder is present." Doc. No. 5-7, at 7.

2

Legal Actions provision. Federated argues that Ms. Keahey was notified of the termination of her benefits before the September 15, 2016 termination, so the applicable statute of limitations ended on September 15, 2020. Federated contends that this lawsuit is barred by the statute of limitations because it was not filed until December 22, 2020. Federated also argues that Ms. Keahey's insurance policy includes a "Legal Actions provision" that requires proof of loss within 90 days and states that no action may be brought later than three years after this proof of loss. Thus, Federated contends that Ms. Keahey's claim is also barred by the policy's Legal Actions provision.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between Ms. Keahey and Federated, and the amount in controversy exceeds $75,000.

## LEGAL STANDARD

Courts in the Third Circuit permit a defendant to raise an affirmative defense, including a statute of limitations defense, in a Rule 12(b)(6) motion when it is clear from the face of the complaint that the claim is time-barred. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). "[A] complaint need not anticipate or overcome affirmative defenses; thus, a complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense." *Id.* at 248. In considering a motion to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Id.* at 249 (quoting *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). "However, an exception to the general rule is that a 'document *integral to or explicitly relied upon* in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.'" *Id.* (quoting *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). In determining which documents may be considered at the motion to dismiss stage, the key consideration is whether additional documents raise the problem of "lack of

notice to the plaintiff." *Id.*; *see also Pension Ben. Guar. Corp.*, 998 F.2d at 1196 ("The reason that a court must convert a motion to dismiss to a summary judgment motion if it considers extraneous evidence submitted by the defense is to afford the plaintiff an opportunity to respond.").

Under Pennsylvania Law, the statute of limitations for a breach of contract action is four years. 42 Pa. C.S. § 5525(a)(8). The statute of limitations is computed from the time the cause of action accrues. *Id.* § 5502(a). For a claim based on breach of a disability insurance contract, a cause of action generally accrues once the insured first learns that his or rights have been infringed under the policy. *Romeo v. Unumprovident Corp.*, No. 07-cv-1211, 2008 WL 375161, at *3 (E.D. Pa. Feb. 11, 2008) ("[A] claim arising from denial of an insurance claim accrues when the insured first knows that benefits have been terminated.").

In Pennsylvania, an insurance company may also "set[] time limits upon the commencement of suits to recovery on a policy." *Gen. State Auth. v. Planet Ins. Co.*, 464 Pa. 162, 165 (1975). "[T]he purpose of suit limitation clauses is simply a contractual modification of the statute of limitations," and the insurer does not need to show that a delay in bringing suit caused prejudice. *Hosp. Support Servs., Ltd. v. Kemper Grp., Inc.*, 889 F.2d 1311, 1314–16 (3d Cir. 1989). "It is the function of the court to interpret insurance contracts under Pennsylvania law." *Am. Auto. Ins. Co. v. Murray*, 658 F.3d 311, 320 (3d Cir. 2011). "Where the language of an insurance policy is clear and unambiguous, a court must enforce that language." *Id.* at 321.

## DISCUSSION

Ms. Keahey does not dispute that she received notice of the termination of her benefits by September 15, 2016 or that the Policy contains a suit limitation clause. However, she argues that the starting point for the statute of limitations should be March 23, 2017, when her first-level

4

appeal was denied.[4] Ms. Keahey argues that letters sent by Federated regarding the internal appeals process lulled her into a "false sense of security" that the statute of limitations and Legal Actions provision would not begin to run until Federated had performed two levels of internal review of the termination of benefits. Doc. No. 9 ¶ 4.[5] Specifically, Ms. Keahey argues that the language in the letters "essentially tolls or super[s]edes the language set forth with regard to disability benefits that should be reinstated" and "inclusion of the language in the correspondence sent to Plaintiff . . . can certainly be construed to delay or offer to delay Plaintiff's right to pursue legal action under the contract." Doc. 9-7, at 15. The Court will begin by analyzing the language of the Legal Actions provision to determine whether Ms. Keahey's claim is time-barred.

I. **Legal Actions Provision**

Even if the Court were to agree with Ms. Keahey that the clock began on March 23, 2017 for statute of limitations purposes, this would not extend the deadline far enough to make Ms. Keahey's complaint timely under the contract. The Policy's "Legal Actions" provision states "No action may be brought later than 3 years (5 years in Kansas; 6 years in South Carolina) after proof is required." Under Ms. Keahey's tolling argument, she would still need to file suit by March 23, 2020. Ms. Keahey does not dispute that the Legal Actions provision is enforceable or that a showing of prejudice is not required under Pennsylvania law. Doc. No. 9-7, at 15 ("Plaintiff does not dispute the law cited by Defendant in their Motion . . . .").

However, Ms. Keahey argues that the "proof" element tolls the three-year Legal Actions deadline another year. Doc. No. 9-7, at 7. The Legal Actions provision states "We discuss proof

---

[4] Because the Court finds that the Legal Actions provision precludes Ms. Keahey's claim, the Court need not address the statute of limitations basis for dismissal.

[5] While the letters submitted as exhibits by Ms. Keahey fall outside the pleadings, there is no risk of prejudice in considering these documents at the motion to dismiss stage because the plaintiff had notice of the documents and herself introduced them to support her Complaint. *Schmidt*, 770 F.3d at 249. Plaintiffs are not required to "anticipate or overcome affirmative defenses" in their pleadings. *Id.* at 249.

5

required when making a claim in Part 5." Compl. at 17. Then, Part 5 ("Claims") of the Policy states:

> You must send us proof of your disability and any other proof of reduced income that may be required within 90 days of each monthly benefit claimed. . . . If it isn't possible to send proof within 90 days, send it as soon as reasonably possible. . . . In any event, the proof required must be given no later than one year from the time specified unless you were not then competent to make the claim.

Compl. at 15.

Federated points out that, even if Ms. Keahey also received another 90 days in addition to the three-year requirement, her complaint still would not be timely. Doc. No. 5-3. While Ms. Keahey argues that the one-year extended deadline should apply instead of the standard 90 days, she does not allege any facts to support an inference that it was not "possible to send proof within 90 days" under the terms of the Policy. Nor does Ms. Keahey allege that she submitted any further "proof" after March 23, 2017 that should toll the Legal Actions provision. Instead, Ms. Keahey states that "[t]he last letter received by Plaintiff including [the two-level review] language was March 23, 2017 and therefore Plaintiff, in receiving that letter, believed that that was the final determination after the first level of review started the running of the statute of limitations on March 23, 2017." Doc. No. 9 ¶ 5. Indeed, Ms. Keahey never pursued the second level of the appeals process. Instead, Ms. Keahey brought suit on December 22, 2020. Using her asserted March 23, 2017 start date and allowing an additional 90 days before the three-year clock begins, Ms. Keahey's action is still barred by the Legal Actions provision.

## II. Discovery Rule

Ms. Keahey also invokes the "discovery rule," which allows tolling of a time bar "in cases in which the injury or its cause was neither known nor reasonably knowable." *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005). "[W]hen a court is presented with the assertion of the discovery

6

rule's application, it must address the ability of the damaged party, exercising reasonable diligence, to ascertain that he [or she] has been injured and by what cause." *Id.*

The discovery rule is not applicable here. Ms. Keahey argues that the date she became certain of the "final determination" to terminate her benefits was March 13, 2017. Doc. No. 9 ¶ 5. Thus, even construing Ms. Keahey's allegations as true, the discovery rule does not prevent application of the three-year time bar to Ms. Keahey's claim.

## III. Continuing Violation

Ms. Keahey also argues, in the alternative, that she should be able to pursue a claim for monthly benefits from September 2017 onward because her December 22, 2020 complaint would be timely for monthly benefits dating back fewer than 3 years and 90 days. Doc. No. 9-7, at 6, 15. Federated argues that the Court should look to *Yingling v. UNUM Life Ins. Co. of Am.*, 959 F. Supp. 251, 259 (M.D. Pa. 1997), which rejected the argument that "defendant's failure to pay monthly disability benefits is an ongoing breach of the insurance contract which renders suit timely." *Id.* at 259. The court noted that Pennsylvania courts have not adopted the "continuing violation theory" because allowing the time bar to renew each month that the plaintiff did not receive monthly disability benefits "would effectively render the limitation period for any cause of action alleging loss of payment meaningless." *Id.* (quoting *Casner v. Am. Fed'n of State, Cty., & Mun. Emps.*, 658 A.2d 865, 871 (Pa. 1995)).

Ms. Keahey provides no case law to support her application of the continuing violation theory. If the Court were to determine that each month's nonpayment of benefits reset the clock for the Legal Actions provision, such "time limits would be meaningless." *Graphic Commc'ns Conf. v. Bucks Cty. Courier Times*, No. 06-cv-5452, 2008 WL 3889591, at *12 (E.D. Pa. Aug. 18, 2008). In the monthly disability benefits context, a cause of action accrues only *once*, when

7

the insured learns that his or her rights have been infringed under the policy. *See Leporace v. N.Y. Life & Annuity*, No. 11-cv-2000, 2011 WL 6739446, at *3 (E.D. Pa. Dec. 21, 2011), *aff'd*, 619 F. App'x 172 (3d Cir. 2015)) ("[I]n a breach of contract claim arising from denial of an insurance claim . . . the claim accrues when the insured first knows that the benefits have been terminated."). Thus, the Court will reject Ms. Keahey's argument that the three-year time bar in the Legal Actions provision should renew each month that Federated did not pay the benefits.

## CONCLUSION

For the foregoing reasons, the Court grants Federated's motion to dismiss with prejudice. An appropriate Order follows.

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE